UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:09CR00438 RWS |
| RYAN HUFF, | ) ) ) |
| Defendant. | ) |

## DEFENDANT RYAN HUFF'S MOTION FOR JAIL TIME CREDIT

COMES NOW the Defendant Ryan Huff, by and through his counsel, Gregory N. Wittner and pursuant to United States Sentencing Guideline Section 5G1.3(b)(1), moves this Honorable Court for its Order granting the Defendant "jail time credit" to be applied against any sentence imposed herein, and in support thereof states to the Court as follows:

1. On January 21, 2009, the Defendant Ryan Huff was arrested by the Arnold, Missouri Police Department on the charges of Statutory Rape in the First Degree and Statutory Sodomy. Subsequent thereto, and on January 23, 2009, the Defendant Ryan Huff was arrested by the Jefferson County, Missouri Sheriff's Department on the charges of Statutory Rape First Degree, Two (2) Counts of Attempted Statutory Rape First Degree, Statutory Sodomy First Degree and Statutory Rape First Degree. The aforedescribed charges are currently pending in the Circuit Court of Jefferson County Missouri under Cause No.: 09JE-CR00165.

2. The Defendant was unable to make bond on the Jefferson County Missouri Circuit Court cause and further it was the position of the Jefferson County Missouri Prosecuting Attorney's Office that bond be denied and that the Defendant be detained.

3. On July 9, 2009, the Defendant Ryan Huff was taken into federal custody by the United States Marshals Service in St. Louis, Missouri, and the Defendant has remained in federal custody since that date.

4. The Defendant Ryan Huff now seeks an Order of this Court granting him One Hundred Seventy (170) days "jail time credit" while in state custody to be applied against the

sentence imposed herein. The Defendant makes this request pursuant to United States Sentencing Guideline Section 5G1.3(b)(1), which states in pertinent part as follows:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons....

5. Counsel concedes that U.S.S.G. §5G1.3(b) refers to and applies to "another offense" which has resulted in a "term of imprisonment". Regarding the Defendant's pending state charges, in the Circuit Court of Jefferson County, Missouri, sentence has not been imposed therein and accordingly, the Defendant has not served a term of imprisonment. However, counsel now argues and asserts that the import of U.S.S.G. §5G1.3(b) is to credit a defendant who has served a "term of imprisonment" or one who has been detained pending final disposition on "another offense", as is the case with the Defendant herein, if that "other offense" constitutes "Relevant Conduct" for the instant offense of conviction.

In support of the foregoing interpretation of U.S.S.G. §5G1.3(b), Counsel argues that the gravamen of the Defendant's pending state charges are based upon his sexual contact with minors. Accordingly, it is this course of conduct, as identified in the state discovery, which also constitutes a good portion of the instant federal discovery, which gives rise to the instant federal offenses of conviction. Specifically, the Defendant's sexual contact with minors constitutes "Relevant Conduct" herein and has served as a basis by which the Defendant's ultimate offense level has been increased pursuant to Chapters 2, 3 and 4 of the United States Sentencing Guidelines. This fact is supported by the following paragraphs of the Presentence Investigation Report (PSR):

(a) Paragraph 58 of the PSR which delineates the Chapter 2 Specific Offense Characteristic enhancement as to Count 1 of the instant offense;

(b) Paragraph 65 of the PSR which delineates the Chapter 2 Specific Offense Characteristic enhancement as to Count 2 of the instant offense;

(c) Paragraph 73 of the PSR which delineates the Chapter 2 Specific Offense Characteristic enhancement as to Count 3 of the instant offense;

(d) Paragraph 74 of the PSR which delineates an additional Chapter 2 Specific Offense Characteristic enhancement as to Count 3 of the instant offense;

(e) Paragraph 80 of the PSR which delineates the Chapter 2 Specific Offense Characteristic enhancements as to Counts 4, 5 and 6 of the instant offense;

(f) Paragraph 87 of the PSR which delineates the Chapter 2 Specific Offense Characteristic enhancement as to Count 7 of the instant offense;

(g) Paragraph 104 of the PSR which delineates the Chapter 4 Enhancement to the Defendant's Base Level Offense after all Counts were grouped and calculated pursuant to Chapter 3 of the United States Sentencing Guidelines.

(h) Paragraph 111 of the PSR specifically states that the Defendant's pending state charges "are related to the instant federal offense".

Accordingly, in applying United States Sentencing Guideline §5G1.3(b)(1) to the facts at hand, the Defendant's pending state charges in the Circuit Court of Jefferson County Missouri, and the facts related thereto are inextricably intertwined with the conduct and facts at issue in the instant federal offense and clearly constitutes "relevant conduct" as defined by the United States Sentencing Guidelines, which has been used to increase the Defendant's base level offense herein.

6. The instant Motion has not been initiated for the improper purpose of causing undue delay, prejudice and/or harm for either the Court or the Government, but rather for the appropriate reasons previously asserted herein.

WHEREFORE, and for all of the foregoing reasons, the Defendant respectfully requests that the relief sought herein be granted and for such other and further relief as the Court deems just and appropriate.

By: /s/ Gregory N. Wittner
Gregory N. Wittner, # 79422
Attorney for Defendant
7733 Forsyth Blvd., Suite 2000
Clayton, Missouri 63105
(314) 862-3535  Office
(314) 862-5741  Facsimile

## PROOF OF SERVICE

I hereby certify that the foregoing was made available electronically on the 16th day of February, 2010, to : Mr. Robert Livergood, Assistant United States Attorney, 111 South 10th Street, St. Louis, Missouri 63102 and United State Probation Office, Thomas F. Eagleton U.S. Courthouse, Suite 2.325, St. Louis, Missouri 63101.

/s/ Gregory N. Wittner