AO 245B (Rev. 06/05)
Sheet 1- Judgment in a Criminal Case

# United States District Court
## Eastern District of Missouri

UNITED STATES OF AMERICA
v.
RYAN HUFF

**AMENDED JUDGMENT**

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 4:09CR438-RWS

USM Number: 36449-044

Gregory Nat Wittner
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to count(s)  one through seven of the seven-count indictment on November 24, 2009
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2251(a) | Production of Child Pornography | 01/13/09 | 1 and 3 |
| 18 USC 2422(b) | Persuading or Coercing a minor to Engage in Sexual Activity | 01/13/09 | 2 |
| 18 USC 2252A(a)(2) | Receipt of Child Pornography | 01/22/09 | 4 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 17, 2010
Date of Imposition of Judgment

*[signature]*
Signature of Judge

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE
Name & Title of Judge

April 12, 2010  **AMENDED JUDGMENT**
Date signed

Record No.: 105

AO 245B (Rev. 06/05)  Sheet 1A - Judgment in a Criminal Case

DEFENDANT: RYAN HUFF **AMENDED JUDGMENT**
CASE NUMBER: 4:09CR438-RWS
District: Eastern District of Missouri

Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 USC 2252A(a)(5)(B) | Possession of Child Pornography | 01/22/09 | 5 and 6 |
| 18 USC 1470 | Transfer of Obscene Materials to Minors | 01/22/09 | 7 |

AO 245B (Rev. 06/05)  Sheet 1A - Judgment in a Criminal Case

RYAN HUFF
DEFENDANT: **AMENDED JUDGMENT**
CASE NUMBER: 4:09CR438-RWS

Judgment-Page 2 of 8

DEFENDANT: RYAN HUFF **AMENDED JUDGMENT**
CASE NUMBER: 4:09CR438-RWS
District: Eastern District of Missouri

Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 300 months.

This term consists of a term of 300 months on each of counts one, two and three, 120 months on counts five, six and seven, and 240 months on count four, all such terms to be served concurrently.

Ryan Huff has been in federal custody on this indictment since July 9, 2009. Before this indictment Ryan Huff had been in state custody from January 21, 2009 to July 8, 2009 on state charges arising from the same event which gave rise to this indictment. If the underlying state charges (Docket No. 09 JE-CR00165-01) are dismissed, it is my recommendation that Ryan Huff receive credit toward his federal sentence for the entire time he has been in state and federal custody beginning July 9, 2009.

☒ The court makes the following recommendations to the Bureau of Prisons:

While in the custody of the Bureau of Prisons, it is recommended that the defendant be evaluated for participation in the sex offender treatment and counseling program, if this is consistent with the Bureau of Prisons policies.

It is further recommended that the defendant serve his term of incarceration as close to Chicago, IL as possible to the extent that the facility includes sex offense specific treatment.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./pm on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office

**MARSHALS RETURN MADE ON SEPARATE PAGE**

RYAN HUFF

Judgment-Page 4 of 8

DEFENDANT: **AMENDED JUDGMENT**
CASE NUMBER: 4:09CR438-RWS
District: Eastern District of Missouri

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    LIFE

This term consists of a term of life on each of counts one through six and a three year term on count seven, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The Defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician:
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

RYAN HUFF

Judgment-Page 5 of 8

DEFENDANT: **AMENDED JUDGMENT**
CASE NUMBER: 4:09CR438-RWS
District: Eastern District of Missouri

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall comply with all federal, state, and local sex offender registration laws and provide verification of registration to the probation officer.

2. The defendant shall participate in a sex-offense specific treatment program. The defendant shall enter, cooperate, and complete said program until released by the United States Probation Officer. The defendant shall abide by all policies and procedures of the sex-offense specific program. During the course of said treatment, the defendant shall be subject to periodic and random physiological testing which may include but is not limited to polygraph testing and/or other specialized assessment instruments. The defendant shall pay for the costs associated with treatment based on a co-payment fee approved by the United States Probation Office. Co-payments shall never exceed the total costs of treatment.

3. The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation officer and shall report to the probation officer immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18.

4. The defendant shall be prohibited from engaging in any occupation, business, profession, or volunteer work where he has access to children under the age of 18 without prior written approval from the probation officer.

5. The defendant shall not loiter within 500 feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of 18.

6. The defendant shall not possess obscene material as deemed inappropriate by the probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.

7. The defendant shall not subscribe to or use any Internet service without first receiving written permission of the probation officer.

8. The defendant shall not purchase or maintain a post office box or any other type of private mail box without written approval of the probation officer.

9. The defendant shall not enter the premises or loiter near where the victim(s) resides, is employed or frequents except under circumstances approved in advance and in writing by the probation officer.

10. The defendant shall pay the costs of any future counseling for the victim(s) of the instant offense, should counseling be pursued.

11. The defendant shall submit his person, residence, office, computer, or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

12. The defendant shall not possess or use a computer, gaming equipment with web and/or internet capability, or any audio/visual recording or producing equipment, except with the written permission of the probation officer.

13. The defendant shall not possess or use a computer, peripheral equipment, or any other device with access to any "on line computer services" at any location (including employment), or subscribe to or use any Internet service, without the prior written approval of the probation office. In addition, the defendant shall consent to his probation officer or probation service representative conducting random or periodic unannounced examinations of any computer(s) equipment to which he has access, other personal computers, and electronic storage devices to which you have access, including web enable cell phones. The examination may include retrieval and copying of all data from the defendant's computer(s), or any computer(s) to which the defendant has access, and any internal and external peripherals to insure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; the defendant shall, at the direction of his probation officer, consent to having installed on the computer(s), at the defendant's expense, any hardware or software systems to monitor or filter his computer use. Prior to installation of any such hardware or software systems, the defendant shall allow the U.S. Probation Office to examine the computer and/or electronic storage device. The defendant shall pay for the costs associated with monitoring based on a co-payment fee approved by the U.S. Probation Office. The defendant shall warn any other residents, employers, or family members that the computer(s) and any related equipment may be subject to searches pursuant to this condition.

14. The defendant shall advise the probation officer of all computer, electronic equipment, and web enabled equipment, including cell phones, to which he possesses or has access within 24 hours of obtaining same.

15. The defendant shall provide the probation officer and the Financial Litigation Unit (FLU) of the U.S. Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with FLU.

16. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

17. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the United States Probation Office so long as there is a balance on the Court-imposed financial obligation.

18. The defendant shall pay the restitution as previously ordered by the Court.

|                      |                                  |
|----------------------|----------------------------------|
| DEFENDANT:           | RYAN HUFF **AMENDED JUDGMENT**   |
| CASE NUMBER:         | 4:09CR438-RWS                    |
| District:            | Eastern District of Missouri     |

Judgment-Page 6 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $700.00    |      | $6,309.10   |

☒ The determination of restitution is deferred until  March 26, 2010 . *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant ot 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee                         | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------------------------------|-------------|---------------------|------------------------|
| See Non-Public Victim Restitution Page |             | $6,309.10           |                        |
| Totals:                               |             | $6,309.10           |                        |

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived for the.   ☐ fine and /or   ☐ restitution.

  ☐ The interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

RYAN HUFF

Judgment-Page 7 of 8

DEFENDANT: **AMENDED JUDGMENT**
CASE NUMBER: 4:09CR438-RWS
District: Eastern District of Missouri

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

**Payments of restitution shall be made to the Clerk of Court for transfer to the victims. All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: during incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with BOP Prisons' Inmate Financial Responsibility Program at the rate of 50% of the fund available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $100.00, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release of imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the court and this district's US Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay the criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

AO 245B (Rev. 06/05)  Judgment in Criminal Case  Sheet 5A - Criminal Monetary Penalties

Case 4:09-cr-00438-RWS   Document 62   Filed 04/12/10   Page 7 of 8

Judgment-Page 7 of 8

DEFENDANT: RYAN HUFF **AMENDED JUDGMENT**  
CASE NUMBER: 4:09CR438-RWS  
District: Eastern District of Missouri  

Judgment-Page __8__ of __8__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of $7009.10 due immediately, balance due

      ☐ not later than _____ , or

      ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below; or ☐ F below; or

C  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time: or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

**SEE PAGE SEVEN OF THIS J&C FOR ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several  
    Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.  
☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.